IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRITTANY L. LIBBEN,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., and WAL-MART ASSOCIATES, INC.,<br><br>Defendants. | **4:25CV436**<br><br>**ORDER** |

This matter is before the court on Plaintiff's motion to amend the unexpired case progression deadlines pursuant to Fed. R. Civ. P. 6(b)(1)(A) and 16(b)(4). (Filing No. 41). Plaintiff requests the deadline for completing depositions be extended from September 18, 2026, to October 30, 2026, and the deadline for filing dispositive motions be extended from October 19, 2026, to November 30, 2026. Plaintiff asserts the combination of incorporating additional EEOC and NEOC charges, the constraints on the number of depositions allowed per party, and counsel's personal and unforeseen circumstances supply good cause for a limited extension of the unexpired case progression deadlines. Defendants oppose the motion, arguing that Plaintiff has not shown good cause or diligence in attempting to meet the deadlines set by the court. The motion will be granted for the reasons set forth below.

## BACKGROUND

Plaintiff filed this case in the District Court for Platte County, Nebraska on April 28, 2025. (Filing No. 1-1). Defendants removed to this court on July 2, 2025, and the court

entered a final progression order on August 11, 2025. (Filing No. 10). Plaintiff informed Defendants of the additional administrative charge and the intent to amend the complaint in February 2026. (Filing No. 48-1 at 1, ¶ 3). The court held a status conference on May 6, 2026, wherein Plaintiff notified the court of the intent to file an amended complaint to incorporate pending administrative charges. The court discussed the possibility of extending certain discovery deadlines related to the new allegations in the amended complaint. The court ordered Plaintiff to submit a demand to Defendants on or before May 20, 2026. (Filing No. 24).

The parties agreed to an amended progression schedule and the court entered an amended final progression order on May 22, 2026. (Filing No. 27). Relevant to the current motion, the deposition deadline was set for September 18, 2026, and the deadline for filing motions for summary judgment and motions to exclude on *Daubert* or other related grounds was set for October 19, 2026. The court granted Plaintiff's unopposed motion to file an amended complaint and it was filed separately of record on June 23, 2026. (Filing No. 32; Filing No. 33). On August 21, 2026, Defendants served supplemental 26(a)(1) disclosures identifying additional witnesses concerning the newly added allegations in the amended complaint. (*See* Filing No. 48-1 at 3, ¶ 17). Plaintiff was deposed on August 26, 2026.

During the status conference on September 10, 2026, Plaintiff represented to the court that she began scheduling depositions in July 2026 but did not immediately notice depositions as the list of potential witnesses was not fully identified until Plaintiff's deposition in August 2026. (Filing No. 40, Text Minute Entry). Plaintiff's counsel communicated to Defendants' counsel just prior to the call that Plaintiff sought to depose ten individuals and would seek an extension of the deposition deadline. (Filing No. 42-1 at 5). Defendants' counsel did not have an opportunity to confer with her clients prior to the call and the court construed Plaintiff's request as an oral motion to extend, which was denied. (Filing No. 40, Text Minute Entry). The court directed the parties to confer about which witnesses needed to be deposed and about deposition scheduling. The court

remained open to a limited extension of the deadlines upon agreement of the parties or upon a formal motion with a showing of good cause. (Filing No. 40, text minute entry).

The court encouraged the parties to consider alternative dispute resolution. The parties did so, contacting the court to schedule a settlement conference, which is currently set for October 29, 2026. (Filing No. 45). On September 11, 2026, Plaintiff further narrowed the requested depositions, withdrawing the requests to depose three of the ten witnesses. (Filing No. 42-1 at 5). Plaintiff filed the pending motion to extend the unexpired deadlines on September 18, 2026. (Filing No. 41).

ANALYSIS

A district court possesses broad discretion when it establishes and enforces deadlines in its scheduling orders. *Petrone v. Werner Enters., Inc*., 940 F.3d 425, 434 (8th Cir. 2019). Once a scheduling order has been adopted by the district court, it may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Eighth Circuit has stated that "the primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. *Yang v. Robert Half Int'l, Inc.,* 79 F.4th 949, 960 (8th Cir. 2023). A district court may also consider the existence or degree of prejudice to the party opposing the modification. *Marmo v. Tyson Fresh Meats, Inc*., 457 F.3d 748, 759 (8th Cir. 2006). Plaintiff's motion was filed before the expiration of the deadlines, so the court may authorize the extension under Fed. R. Civ. P. 6(b)(1)(A) for good cause shown.

Plaintiff argues she has diligently pursued her allegations through the administrative process and promptly responded to Defendants' supplemental discovery after filing the Amended Complaint. Plaintiff argues that she identified eleven potential deponents, but the progression order limited depositions to ten. (Filing No. 27 at 2). Counsel states she intended to use Plaintiff's deposition testimony to help determine which witnesses should actually be deposed and she began scheduling depositions in July 2026, but an unexpected family medical emergency interrupted further deposition scheduling. In response,

Defendants argue that Plaintiff was not diligent in pursuing depositions of witnesses known to Plaintiff throughout this case. Defendants argue four of the seven proposed deponents were named in the original complaint and the remaining three were known to Plaintiff months before she filed the amended complaint.

The court is somewhat dubious that the Plaintiff's deposition was necessary to narrow the list of deponents, as Plaintiff's personal knowledge was available to her and to counsel prior to her deposition. Nonetheless, the timing of the amended pleading, the supplemental discovery served by Defendants identifying additional witnesses as to the Amended Complaint, and counsel's personal circumstances combined are sufficient good cause for a limited extension of the deposition deadline. Additionally, Plaintiff's further efforts to narrow the list of deponents from ten to seven since the status conference on September 10, 2026, demonstrates Plaintiff's good faith efforts to narrow the issues and to move the case along. This case remains on track for settlement conference in October 2026, and a trial setting call in November. The court further finds there is good cause to extend the deadline for filing motions for summary judgment as the extension will allow the parties to focus on preparation for the settlement conference and may obviate the need for dispositive motions altogether.

Defendants further argue that Plaintiff was not diligent in pursuing her claims, and the amendment of the complaint does not justify extending the deposition deadline under these circumstances. The court has not overlooked the length of time that elapsed between the events giving rise to the Amended Complaint which occurred in August 2025, Plaintiff's stated intent to amend the complaint in February 2026, and the actual amendment in June 2026. However, the court will not fault Plaintiff for the time it took to exhaust her administrative remedies and the judicial economy served in incorporating those claims in this case. Further, Defendants did not oppose the amendment of the complaint and the parties agreed to extend certain deadlines to allow for limited discovery as to the new allegations. The court will not deny Plaintiff's motion on these grounds.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to extend is granted. (Filing No. 41).
2) The deposition deadline, including but not limited to depositions for oral testimony under Rule 45 is October 30, 2026.
3) The deadline for filing motions to dismiss and motions for summary judgment is November 30, 2026.
4) All other deadlines and hearings not specifically amended by this order are unchanged. This case remains set for settlement conference on October 29, 2026, (Filing No. 45), and for trial setting call on November 19, 2026. (Filing No. 40, Text Minute Entry).

Dated this 2nd day of October, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge